UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GLEN, III,

       Plaintiff,

v.
                             Case No. 24-cv-10665
                             Honorable Linda V. Parker

AARON KRASZEWSKI and
CITY OF DETROIT,

       Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff Willie J. Glenn, III has filed this pro se lawsuit against Defendants alleging violations of his civil rights under 42 U.S.C. § 1983. Defendants are City of Detroit Police Officer Aaron Kraszewski and the City of Detroit. The matter is presently before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) The motion is fully briefed. (ECF Nos. 17-20.)

## I.   Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To

survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Pro se filings must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, a plaintiff may not simply assert bare legal conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 668.

2

Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 668 (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court may take judicial notice only "of facts which are not subject to reasonable dispute." *Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

## II.     Factual and Procedural Background[1]

Mr. Glenn resides in a home in Detroit, Michigan.  In June 2020, he began complaining to Officer Kraszewski about a neighbor's operation of a "chop/auto shop" out of the neighbor's garage.  Mr. Glenn reported that the condition posed a danger, as there was a gas tank, explosions, chemical fumes, asbestos brake dust, and metal to metal hammering.  Mr. Glenn claims that, instead of shutting down the neighbor's business, Officer Kraszewski told Mr. Glenn to clean up his yard and threatened to write him tickets. [2]

In response, Mr. Glenn started to clean his backyard.  However, the neighbor had "messed up a guy's car," and "the guy came back and shot at his house 3 times[.]"  Mr. Glenn, who was removing trash from the backyard at the time, had to dive to the ground to avoid being shot.

On March 14, 2022, Mr. Glenn filed a complaint with the City's Office of the Chief Investigator ("OCI") complaining that Officer Kraszewski was not doing

---

[1] The facts are derived from Mr. Glenn's Complaint (ECF No. 1), except where alternative citations are provided.

[2] Mr. Glenn also states in his briefs that he called Officer Kraszewski "a lot over the year" to complain about the neighbor's business and that the officer did nothing and then began threatening Mr. Glenn with tickets. (*See, e.g.*, ECF No. 16 at PageID. 115.)

his job.[3]  Two days later, Officer Kraszewski issued $500 worth of blight tickets to

Mr. Glenn.  According to the City of Detroit's Department of Administrative

Hearing's online public database, Officer Kraszewski issued blights tickets to Mr.

Glenn on March 16, 2022, for the following violations: "defective driveway(s),

parking space(s), walkway(s), areas of traverse dwellings or buildings," "excessive

weeds or plant growth one- or two-family dwelling or commercial building,"

"rodent harborage one- or two-family dwelling or commercial building," "failure

to maintain accessory structure(s) one-or two-family dwelling or commercial

building."  (ECF No. 14-1 at PageID. 71-86.)

Mr. Glenn filed a lawsuit against his neighbor and received a court order to

shut down the chop/auto shop being operated out of his garage.  Mr. Glenn then

filed another complaint with the OCI, claiming that Officer Kraszewski told the

neighbor it was okay to continue running this business from his garage.

---

[3] In their brief, Defendants provide information related to Mr. Glenn's OCI
complaint and actions purportedly taken by OCI with respect to the complaint,
citing to exhibits attached to the motion for support.  (*See* ECF No. 14 at PageID.
35.)  One of these exhibits is an internal Detroit Police Department memo.  (ECF
No. 14-1 at PageID. 91-93.)  The second is a print-out from the Detroit Police
Department's Management Awareness System.  (*Id*. at PageID. 94.)  The Court
does not believe that either exhibit is properly offered under Rule 12(b)(6).  In any
event, the Court finds the facts for which Defendants offer these exhibits to be
immaterial when deciding whether Mr. Glenn alleges viable claims in his
Complaint.

Mr. Glenn filed the current action against Officer Kraszewski and the City of Detroit on March 15, 2024.  In his Complaint, he alleges violations of his rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment.

## III.    Applicable Law & Analysis

### A.    First Amendment

Defendants construe Mr. Glenn's Complaint as alleging two possible First Amendment claims: (1) that the failure to investigate Mr. Glenn's OCI complaints violated his right to petition the government for a redress of grievances; and/or (2) Officer Kraszewski retaliated against Mr. Glenn for complaining about the neighbor's activities and the officer's failure to shut down those activities. Liberally reading Mr. Glenn's pleading, the Court finds this construction to be accurate.

### i.    Right to Petition

The First Amendment protects "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Nevertheless, it "does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Green v. City of Southfield*, 759 F. App'x 410, 415 (6th Cir. 2018) (citing *Apple*, 183 F.3d at 479) ("Defendants' failure to investigate [the

6

plaintiff]'s citizens' complaint cannot be the foundation underlying a continuing violation claim because a citizen cannot compel the government to investigate such a matter."). Thus, to the extent Mr. Glenn is claiming a violation of his First Amendment right to petition the City of Detroit to address his grievances, the claim is subject to dismissal.

### ii.    Retaliation

To state a First Amendment retaliation claim, Mr. Glenn must allege facts establishing that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Mr. Glenn's] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378 394 (6th Cir. 1999). Contrary to Defendants' assertions, Mr. Glenn does plead sufficient facts to plausibly support these elements and, therefore, plead a retaliation claim.

First, Mr. Glenn engaged in First Amendment conduct when he complained about his neighbor's activities to and sought action from Officer Kraszewski, and when he filed a report with OCI complaining about Officer Kraszewski's inaction. *See Rudd v. City of N. Shores*, 977 F.3d 503, 513 (6th Cir. 2020) (cleaned up) (explaining that the freedom to petition and the freedom of speech encompasses the right of "an ordinary citizen to convey the special concerns of the petition's

author to the government, and to request action by the government to address those concerns" and "protects the right of an ordinary citizen to criticize public officials").  Second, Mr. Glenn alleges that Officer Krasczewski issued him blight tickets totaling $500 within two days of the filing of his OCI complaint.  Such conduct would deter an ordinary citizen from continuing to complain.  *See id.* (quoting *Thaddeus-X*, 175 F.3d at 397) (explaining that "the deterrent effect on speech 'need not be great' to be actionable").  Lastly, the temporal proximity between Mr. Glenn's complaint and the tickets is sufficient to allege a causal connection even if Mr. Glenn lacks additional facts to support his belief that Officer Krasczewski issued the tickets to be vindictive.  *See, e.g., Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 283-84 (6th Cir. 2012) (collecting cases); *see also Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at *9 (6th Cir. Jan. 26, 2022) (White, J., concurring) ("Although temporal proximity may prove to be insufficient at some later stage of the proceedings, [the plaintiff]'s allegations are sufficient at the pleading stage.").

Defendants assert that Officer Krasczewski in fact issued Mr. Glenn blight tickets before his March 14, 2022 OCI complaint.  Their assertion is contradicted by their own exhibit, however.  (*See* ECF No. 14-1 at PageID. 72.)  Moreover, Mr. Glenn alleges otherwise, and this Court must assume the allegations in the Complaint as true for purposes of deciding Defendants' motion to dismiss.

8

Defendants also argue that Mr. Glenn cannot establish the second element of his retaliation claim because he filed a second OCI complaint despite being issued the blight tickets.  But the Sixth Circuit has been clear that the question is not whether *the plaintiff* was deterred; rather, it is whether "a person of ordinary firmness" would be.  *See Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (quoting *Thaddeus-X*, 175 F.3d at 398).

Defendants also argue that Officer Kraszewski "acted under an objectively reasonable belief that his actions were lawful" (ECF No. 14 at PageID. 38), and that Mr. Glenn has failed "to cite 'clearly established' law that Officer Kraszewki's actions were contrary to" (ECF No. 18 at PageID. 186). Yet, it was clearly established when Officer Kraszewski issued the blight tickets that retaliation for petitioning activity is unlawful.  *See Holzemer v. City of Memphis*, 621 F.3d 512, 528 (6th Cir. 2010) (citations omitted) (finding that "a reasonable city official would have known that the Constitution prohibits retaliation for a citizen's exercise of his First Amendment right to Free Speech" and that "case law clearly establishes that [the official] was on notice that retaliation for any petitioning activity is unlawful").

Thus, the Court denies Defendants' motion to dismiss Mr. Glenn's First Amendment retaliation claim against Office Krasczewski.

**B.    Due Process**

9

The Fourteenth Amendment's Due Process Clause provides that "No State . . . "shall deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amen. XIV § 1. In his Complaint, Mr. Glenn alleges that his due process rights were violated as a result of OCI's failure to process his complaints within ninety days. In his response brief, Mr. Glenn also asserts that the operation of a chop/auto shop in his neighbor's garage has interfered with the enjoyment of his property.

### i.    Interference with Property Right

In his response brief, Mr. Glenn expresses that the operation of a chop/auto shop in his neighbor's garage interfered with Mr. Glenn's enjoyment of his property, and Defendants are liable because they failed to shut down the neighbor's business.

The Due Process Clause protects against state actions which deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. However, it does not protect persons against such deprivations caused by private actors. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1985) (explaining that the purpose of the Due Process Clause is "to protect the people from the State, not to ensure that the State protect[s] them from each other."); *Stiles ex rel. D.S. v. Grainger Cnty.*, 819 F.3d 834, 853 (6th Cir. 2016). There are two exceptions to this rule: (1) when a person is in state custody

and therefore in a "special relationship" with the State; and (2) when the State creates or increases the risk of harm to a person—that is, when a "state-created danger" causes the plaintiff's injury.[4]  *Stiles*, 819 F.3d at 853.  Yet, neither exception is applicable to the facts alleged here.

As such, Mr. Glenn fails to allege a plausible due process claim based on Defendants' failure to shut-down his neighbor's chop/auto shop.

### ii.    Failure to Investigate

Mr. Glenn claims a violation of his due process rights because OCI did not process his complaint(s) within ninety days.  As an initial matter, Defendants argue that Mr. Glenn has misconstrued the time requirements for OCI to investigate his claim.  Defendants assert:

> Section 7-808 of the City of Detroit's Code of Ordinances requires that within 90 days of the OCI receiving a complaint, the Board of Police Commissioner "shall sent [sic] written communication informing the complainant that their complaint has been received."

---

[4] To prevail under the "state-created danger" exception, the plaintiff must satisfy a three-part test.  *Doe v. Jackson Local Sch. Dist.*, 954 F.3d 925, 932 (6th Cir. 2020) (citing *Estate of Romain v. City of Grosse Pointe Farms*, 935 F.3d 485, 491-92 (6th Cir. 2019)).  The first part requires that the official took "an affirmative act that either creates or increases the risk that the plaintiff will be exposed to private acts of [harm]."  *Id.* (quoting *Schroder v. City of Fort Thomas*, 412 F.3d 724, 728 (6th Cir. 2005)).  "[O]missions," such as "failing to enforce the law," do not qualify as affirmative acts that increase the risk to the plaintiff.  *See Stiles*, 891 F.3d at 855.  Similarly, "ignoring a dangerous situation is usually not an affirmative act and . . . usually cannot increase a preexisting danger."  *Id.* (citing cases).

11

Exhibit E.  There is no requirement that complaints be processed within 90 days.

(ECF No. 14 at PageID. 35 (citing ECF No. 14-1 at PageID. 99.)  Yet, Section 7-808 expressly states: "The Chief Investigator for the Board [of Police Commissioners] shall *investigate a complaint immediately and file a report of findings with the Board within sixty (60) days*."[5]  (ECF No. 14-1 at PageID. 99 (emphasis added).)  Nevertheless, Mr. Glenn's procedural due process claim fails for other reasons.

To adequately plead a procedural due process claim under § 1983, Mr. Glenn must allege facts showing that he had a property interest protected by the Due Process Clause, that he was deprived of that interest, and the City of Detroit did not afford him adequate procedural rights prior to that deprivation.  *See Cooperrider v. Woods*, 127 F.4th 1019, 1042 (6th Cir. 2025) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)).  Mr. Glenn is claiming that he was deprived of a "right" to have his OCI complaint investigated according to the city's ordinances, and that by failing to investigate his complaint within the required time frame, he was deprived of a property right without due process.  However, there is "no protected property interest in the procedure itself."  *Richardson v. Twp. of*

---

[5] Whether the Chief Investigator for the Board investigated Mr. Glenn's OCI complaint within this 60-day window requires the consideration of facts beyond his pleading.

*Brady*, 218 F.3d 508, 517-18 (6th Cir. 2000) (citing *United of Omaha Life Ins. Co.*

*v. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992)); *see also Hasanaj v. Detroit Pub.*

*Schs. Cmty. Dist.*, 35 F.4th 437, 451-52 (6th Cir. 2022) ("State law procedures that

relate to property rights are not property rights."). As the Sixth Circuit explained

in *Hasanaj*: "Property cannot be defined by the procedures provided for its

deprivation any more than can life or liberty." 35 F.4th at 452 (quoting *Cleveland*

*Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)); *see also id.* (quoting *Olim*

*v. Wakinekona*, 461 U.S. 238, 250 (1983)) ("Process is not an end in itself. Its

constitutional purpose is to protect a substantive interest to which the individual

has a legitimate claim of entitlement.").

For these reasons, Mr. Glenn fails to state a viable procedural due process

claim based on his allegation that city procedures were not followed, and where he

does not otherwise allege the deprivation of a protected right without due process.

*See, e.g., Richardson v. Twp. of Brady*, 218 F.3d 508, 517-18 (6th Cir. 2000)

(holding that the plaintiff could not state a viable procedural due process claim

based on a claim that the municipality failed to swiftly execute its procedures).

### C. *Monell* Liability

Defendants argue that Mr. Glenn fails to state a viable claim against the City

of Detroit because he does not allege sufficient facts to establish a violation of his

constitutional rights and, even if he does, has not alleged facts to demonstrate that

13

a City of Detroit custom or policy was the moving force behind such a violation.
As discussed above, Mr. Glenn alleges a viable First Amendment retaliation claim.
He does not, however, allege facts to plausibly establish the City of Detroit's
liability for that violation.

A municipality is not liable simply because it employs a tortfeasor. *See,
e.g., Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting
*D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell v.
Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978)).  "Instead, a
plaintiff must show that 'through its deliberate conduct, the municipality was the
'moving force' behind the injury alleged.'"  *Id.* (quoting *Alman v. Reed*, 703 F.3d
887, 903 (6th Cir. 2013) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397,
404 (1997)).  "A plaintiff does this by showing that the municipality had a 'policy
or custom' that caused the violation of his rights."  *Id*. (quoting *Monell*, 436 U.S. at
694).

The Sixth Circuit has described four methods to establish a municipality's
policy or custom: "(1) the existence of an illegal official policy or legislative
enactment; (2) that an official with final decision making authority ratified illegal
actions; (3) the existence of a policy of inadequate training or supervision; or (4)
the existence of a custom of tolerance or acquiescence of federal rights violations."
*Jackson*, 925 F.3d at 828 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir.

2013)).  Mr. Glenn alleges no facts in his Complaint or briefs suggesting that he can establish a City of Detroit policy or custom through any of these methods. Therefore, he fails to assert a viable claim against the city.

## IV.    Conclusion

For the reasons stated, the Court holds that Mr. Glenn fails to plausibly allege violations of his due process rights or the City of Detroit's liability for the misconduct complained of in his Complaint.  He does plausibly allege a First Amendment retaliation claim against Officer Kraszewski.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART** and the City of Detroit is terminated as a party to this action.

Date:  March 7, 2025                         s/LINDA V. PARKER
                                             UNITED STATES DISTRICT JUDGE