UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GLENN, III,

        Plaintiff,

                                     Case No. 24-cv-10665

v.                                 Honorable Linda V. Parker

AARON KRASZEWSKI,
and CITY OF DETROIT,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Willie J. Glenn, III has filed this pro se lawsuit against Defendants Aaron Kraszewski ("Officer Kraszewski") and the City of Detroit ("City") (collectively Defendants), alleging violations of his constitutional rights under 42 U.S.C. § 1983.  Defendants previously moved to dismiss Mr. Glenn's Complaint, which this Court granted in part and denied in part.  (ECF No. 22.)  In that decision, the Court construed the Complaint as alleging two possible First Amendment claims and a Fourteenth Amendment due process claim against Officer Kraszewski and a claim against the City pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  (*Id.*)  The Court narrowed Mr. Glenn's claims against Officer Kraszewski to a First Amendment

retaliation claim and dismissed his *Monell* claim against the City, concluding that

he failed to allege facts to plausibly establish the City's liability. (*Id.*)

The matter is now before the Court on Mr. Glenn's motion for leave to file

an amended complaint to (1) plead additional facts to support a revived municipal

liability claim against the City and (2) add a negligence claim against Officer

Kraszewski. (ECF No. 25.) The motion is fully briefed. (ECF Nos. 26, 28.)

Finding the facts and legal arguments adequately presented in the parties' filings,

the Court is dispensing with oral argument pursuant to Eastern District of Michigan

Local Rule 7.1(f). For the reasons set forth below, the Court is granting in part and

denying in part the motion.

## I.     Applicable Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely"

granted "when justice so requires." Fed. R. Civ. P. 15(a). The United States

Supreme Court has advised that a plaintiff should be allowed the opportunity to

test a claim on the merits if the facts and circumstances underlying the claim

suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178,

182 (1962). However, the Court further instructed that a motion to amend a

complaint should be denied if the amendment is brought in bad faith or for dilatory

purposes, results in undue delay or prejudice to the opposing party, or would be

futile. *Id*. Futility applies when the proposed amendment fails to state a claim

upon which relief can be granted and would be subject to dismissal pursuant to

Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*,

203 F.3d 417, 420 (6th Cir. 2000); *see also Midkiff v. Adams Cnty. Reg'l Water

Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (explaining that a proposed amendment is

futile if the amendment could not withstand a motion to dismiss).

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the

plaintiff has set forth a "plausible" claim, the court must accept the factual

allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S.

at 668. A plaintiff may not simply assert bare legal conclusions. *Twombly*, 550

U.S. at 555; *Iqbal*, 556 U.S. at 668. "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id*. (citing

*Twombly*, 550 U.S. at 555).

Pro se filings must be construed liberally. *Haines v. Kerner*, 404 U.S. 519,

520-21 (1972). Nevertheless, "[l]iberal construction does not require a court to

conjure allegations on a litigant's behalf, and a pleading must provide notice to the

opposing party of the relief sought." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th

3

Cir. 2001) (internal and end citations omitted); *see also Martin v. Overton*, 391

F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin*). "Traditionally, the 'leniency

standard' has still required basic pleadings standards. Arguably, hanging the legal

hat on the correct peg is such a standard[.]" *Martin*, 391 F.3d at 714 (internal

citations omitted). Defendants are entitled to "fair notice" not only of the factual

background supporting the plaintiff's claim but also "of what the claim is[.]" *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. at 555 (ellipsis removed).

## II.  Factual & Procedural Background [1]

Mr. Glenn resides in a home in Detroit, Michigan. In June 2020, he began

complaining to Officer Kraszewski about a neighbor's operation of a "chop/auto

shop" ("chop shop") out of the neighbor's garage. Mr. Glenn reported that the

chop shop created a danger, as there was a gas tank, explosions, chemical fumes,

asbestos brake dust, and metal to metal hammering. Mr. Glenn claims that, instead

of shutting down the neighbor's business, Officer Kraszewski told Mr. Glenn to

clean up his yard and threatened to write him tickets.

In response, Mr. Glenn started to clean his backyard. However, the neighbor

had "messed up a guy's car," and "the guy came back and shot at his house three

---

[1] The facts are derived from the current operative Complaint (ECF No. 1), unless
an alternative citation is provided.

times[.]"  Mr. Glenn, who was removing trash from the backyard at the time, had

to dive to the ground to avoid being shot. [2]

On March 14, 2022, Mr. Glenn filed a complaint with the City's Office of

the Chief Investigator ("OCI"), reporting that Officer Kraszewski was not doing

his job.  Two days later, Officer Kraszewski issued $500 worth of blight tickets to

Mr. Glenn.  According to the online public database for the City's Department of

Administrative Hearing, on March 16, 2022, Officer Kraszewski issued blights

tickets to Mr. Glenn for the following violations: "defective driveway(s), parking

space(s), walkway(s), areas of traverse dwellings or buildings," "excessive weeds

or plant growth one- or two-family dwelling or commercial building," "rodent

harborage one- or two-family dwelling or commercial building," "failure to

maintain accessory structure(s) one-or two-family dwelling or commercial

building." (ECF No. 14-1 at PageID. 71-86.)

Mr. Glenn filed a lawsuit in state court against his neighbor and received a

court order to shut down the chop shop being operated out of the neighbor's

garage.  Mr. Glenn then filed another complaint with OCI, claiming that Officer

---

[2] In his proposed Amended Complaint and earlier briefing, Mr. Glenn alleges that
he complained to Officer Kraszewski about the neighbor's business for two years,
but the officer did nothing and then began threatening Mr. Glenn with tickets.
(ECF No. 26 at PageID.246; ECF No. 16 at PageID.115.)

Kraszewski told the neighbor it was okay to continue running this business from his garage, despite the court order.

Mr. Glenn filed the current action against Officer Kraszewski and the City on March 15, 2024.  As indicated, Defendants' motion to dismiss resulted in the dismissal of all but a First Amendment retaliation claim against Officer Kraszewski and the City's dismissal.  On April 17, 2025, Mr. Glenn filed the pending motion to amend his Complaint to add a state-law negligence claim against Officer Kraszewski and an arguably more developed *Monell* claim against the City.  As also indicated, Defendants oppose both amendments, arguing that they are futile. (ECF No. 28)

## III.    Applicable Law and Analysis

### A.    Negligence

Mr. Glenn seeks to add a negligence claim against Officer Kraszewski based on the officer's knowledge of the chop shop and the dangers it posed and failure to perform his official duties in response.  (*See* ECF No. 26 at PageID.248-50.) Defendants contend that the claim is futile because Officer Kraszewski is entitled to immunity under Michigan's Governmental Tort Liability Act, Mich. Comp. Laws § 691.1407(2).

Michigan immunizes a government employee from tort liability when the employee performs a governmental function within the scope of his or her

authority and when the "conduct does not amount to gross negligence that is the proximate cause of the injury or damage." *Id.* § 691.1407(2)(c).  The statute defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Id.* § 691.1407(8)(a).  "[O]rdinary negligence will not satisfy this standard." *Miller v. Gettel*, Nos. 22-1034/1046, 2023 WL 2945340, at *10 (6th Cir. Apr. 14, 2023) (citing *Wood v. City of Detroit*, 917 N.W.2d 709, 714 (Mich. Ct. App. 2015)); *see also Costa v. Cmty. Emergency Med. Servs., Inc.*, 716 N.W.2d 236, 241 (Mich. 2006) (explaining that gross negligence is "substantially more than negligent").

Even if Officer Kraszewski's conduct could be classified as "gross negligence," it was not the proximate cause of Mr. Glenn's injury.  Section 691.1407 requires that the defendant's actions were "the one most immediate, efficient, and direct cause of the injury or damage, i.e., *the* proximate cause." *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 766-67 (6th Cir. 2024) (quoting *Robinson v. City of Detroit*, 613 N.W.2d 307, 319 (Mich. 2000)).  Mr. Glenn's neighbor's operation of the chop shop in his garage was the most direct cause of any injury to Mr. Glenn, rather than Officer Kraszewski's alleged actions which allowed the business to continue.

For this reason, the Court finds Mr. Glenn's proposed negligence claim against Officer Kraszewski to be futile.

**B.**    *Monell* **Liability**

As set forth in the Court's previous decision on Defendants' motion to dismiss, a municipality is not liable simply because it employs a tortfeasor. *See, e.g.*, *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691)). "Instead, a plaintiff must show that 'through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'" *Id*. (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). "A plaintiff does this by showing that the municipality had a 'policy or custom' that caused the violation of his rights." *Id*. (quoting *Monell*, 436 U.S. at 694).

The Sixth Circuit has described four methods to establish a municipality's policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final [decision-making] authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Jackson*, 925 F.3d at 828 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). In the proposed Amended Complaint, Mr. Glenn appears to be relying on the fourth method to establish the City's liability for Officer Kraszewski's alleged First Amendment violation. (*See* ECF No. 25 at PageID.250-51.).

8

To plausibly plead the City's custom of tolerance or acquiescence of federal rights violations by its officers, Mr. Glenn must allege facts showing "(1) the existence of a clear and persistent pattern of violating federal rights; (2) notice or constructive notice on the part of [the City]; (3) the [City's] tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in failing to act can be said to amount to an official policy of inaction; and (4) that the [City's] custom was the moving force, or direct causal link for the constitutional deprivation." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)). "When a plaintiff's custom-of-tolerance claim is based on the inadequacy of official investigations, municipal knowledge and acquiescence must be demonstrated by a 'pattern of inadequately investigating similar claims.'" *Lopes v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:23-cv-503, 2024 WL 4218016, at *5 (W.D. Ky. Sep. 17, 2024) (quoting *Burgess*, 735 F.3d at 478). A single instance of prior misconduct is insufficient to show such a pattern. *See Stewart v. City of Memphis*, 788 F. App'x 341, 347 (6th Cir. 2019). A pattern "*is* shown by 'enough similar incidents' sufficient to put officials on notice that persons 'would be subject to constitutional deprivation' if the problem is not remedied." *Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 272 (S.D. Ohio 2021) (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989)).

9

Mr. Glenn sufficiently alleges a custom of the City tolerating First Amendment retaliatory conduct by its officers.  In his motion and proposed amended pleading, Mr. Glenn identifies a number of prior instances, including his own personal experience, where City officers allegedly violated the constitutional rights of individuals, and the City allegedly failed to discipline its officers in response.  (*See id*. at PageID.252-54.)  Defendants argue that Mr. Glenn's personal case—from 25 years ago—and the ten other cases he describes in his proposed pleading are unrelated to the alleged police misconduct here.  (ECF No. 28 at PageID.268.)  Defendants maintain that "Plaintiff's stream-of-consciousness approach to pleadings" continues to offer insufficient facts to support his *Monell* claim.  (*Id*.)

While Mr. Glenn in fact does not provide extensive factual background for most of the prior cases cited in his motion and proposed amended pleading, the Court can consider the public dockets and published court decisions in deciding whether his proposed amended claim against the City would survive a motion to dismiss.  *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Several cases he cites involved City officers retaliating against individuals in response to the exercise of their First Amendment rights.  *See, e.g., Hall v. Navarre*, 118 F.4th 749 (6th Cir. 2024) (claiming that officers retaliated against the plaintiff for exercising his First Amendment rights during a protest in 2020);

10

*Breathe v. City of Detroit*, 484 F. Supp. 3d 511 (E.D. Mich. 2020) (finding the plaintiffs likely to succeed on their First Amendment retaliation claim based on allegations that City officers had responded to their peaceful demonstrations with unlawful force and arrests without probable cause in May 2020); *Frazier v. City of Detroit*, No. 21-cv-11193, 2022 WL 1978736 (E.D. Mich. June 6, 2022) (the plaintiff claimed retaliation by Detroit police in May 2020, in response to the plaintiff's exercise of his First Amendment rights); Am. Compl., *Alston v. City of Detroit Police Officers*, No. 21-cv-11944 (E.D. Mich. Apr. 18, 2023), ECF No. 32 at PageID.457-62 (describing the defendant-officers' physical attack of the plaintiffs in response to the plaintiffs' peaceful protest of the officers' treatment of other citizens and the city's failure to discipline the officers in response); Am. Compl., *Richards v. City of Detroit*, No. 15-cv-12211 (E.D. Mich. Mar. 25, 2016), ECF No. 32 (alleging that officers attacked and then arrested the plaintiffs in retaliation for the exercise of their First Amendment rights and describing prior similar instance for which no disciplinary action was taken by the City). These cases may not be exactly factually analogous to Mr. Glenn's claim against Officer Kraszewski, but they reflect a pattern of City officers engaging in First Amendment retaliation and the City's knowledge of that unconstitutional behavior.

At the pleading stage, Mr. Glenn needs to only set forth factual content that, taken as true, allows the Court to draw a reasonable inference that the municipality

is liable. *Iqbal*, 556 U.S. at 678.  The Court concludes that Mr. Glenn's proposed *Monell* claim is not futile.

## IV.    Conclusion

For the reasons discussed, the Court concludes that it would be futile for Mr. Glenn to file an amended complaint containing his proposed negligence claim against Officer Kraszewski.  It would not be futile, however, for Mr. Glenn to reassert his municipal liability claim against the City with the factual basis he now offers in his motion to amend and proposed amended pleading.  Defendants offer no other reasons for denying his request to amend his pleading to add this claim.

Therefore, the Court is **GRANTING IN PART AND DENYING IN PART** Mr. Glenn's motion for leave to file an Amended Complaint (ECF No. 25).  Within fourteen days of this Opinion and Order, Mr. Glenn may file a First Amended Complaint that conforms to this decision.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 9, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 9, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager