UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GLENN, III,

                          Plaintiff,

v.

AARON KRASZEWSKI and
CITY OF DETROIT,

                          Defendants.
_____/

Case No. 24-10665

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**OMNIBUS ORDER ON MOTIONS**
**(ECF No. 49, 56, 59, 62, 63, 65, 67, 84, 85, 89)**

Pending before the Court are Plaintiff Willie J. Glenn, III's, *Motion for Second Amended Complaint* (ECF No. 49), *Motion for Discovery Extension* (ECF No. 56), *Motion for Third Amended Complaint* (ECF No. 59), *Motion for Sanctions Pursuant to 18 USC 1001 and 1621* (ECF No. 62), *Motion for Judicial Notice* (ECF No. 63), *Motion for Summary Judgment* (ECF No. 65), *Motion to Strike* (ECF No. 84), *Motion to Amend Plaintiff's Response Opposing Defendant's Motion for Summary Judgment* (ECF No. 85), and *First Amended Motion to Amend Plaintiff's Response Opposing Defendant's Motion for Summary Judgment* (ECF No. 89); and Defendants City of Detroit and Detroit Police Officer Aaron Kraszewski's *Motion for Summary Judgment* (ECF No. 67). On July 21, 2025, the District Judge referred all pretrial matters to the undersigned. (ECF No. 34).

## I.      DISCUSSION

### A.      Motions to Amend Complaint

On December 4, 2025, Plaintiff moved to file a second amended complaint, seeking to add claims for "state created danger substantive due process violation" and "equal treatment violation/selective enforcement and conspiracy."  (ECF No. 49).  On January 9, 2026, Plaintiff filed a Third Amended Complaint (ECF No. 57), without leave of Court and beyond the time to file as a matter of course.  *See* Fed. R. Civ. P 15(a).  The Third Amended Complaint includes the two claims added in his proposed second amended complaint (Counts I and II), a new claim for civil conspiracy (Count III), and the two claims for First Amendment retaliation and municipal liability from the First Amended Complaint (Counts III and IV), which is currently the operative complaint.  (ECF No. 57).  On February 5, 2026, Plaintiff moved for leave to file a third amended complaint and indicated that he now only seeks to add a civil conspiracy claim to the First Amendment retaliation claim pleaded in his First Amended Complaint.  (ECF No. 59, PageID.783).  It appears Plaintiff relies on the Third Amended Complaint (ECF No. 57) filed a month prior to the motion as his proposed amended complaint as he recounts the facts set forth in that document and he did not attach a new proposed amended complaint.  To start, since Plaintiff's *Motion for Third Amended Complaint* (ECF No. 59) encompasses Plaintiff's most current request and he indicated that he now

2

only seeks to add a claim for civil conspiracy to his First Amended Complaint, his *Motion for Second Amended Complaint* (ECF No. 49) is denied as moot.

Turning to his request to amend his First Amended Complaint to add a civil conspiracy claim, Federal Rule of Civil Procedure 15 provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, this does not suggest that all motions to amend are automatically granted. "[D]iscretion to deny leave is appropriate due to 'undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,' and other appropriate reasons." *McGarity v. Birmingham Pub. Schs.*, No. 20-2176, 2021 WL 4568050, at *6 (6th Cir. Sept. 7, 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (citation omitted). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)

Under Rule 12(b)(6), the amendment must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating the amendment, the

court must determine whether the proposed complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).  A proposed claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiff seeks to add a count of "conspiracy" against Defendant Kraszewski, which includes co-conspirator Lavell Nevitt, his neighbor who is not a party in this case.  Plaintiff does not expressly state if his intent is to add a cause of action for civil conspiracy under 42 U.S.C. § 1983 or state law; however, based upon the allegations contained in his motion and the proposed amended complaint it is reasonable to infer that he intends to pursue a § 1983 civil conspiracy claim.  A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007).  To survive a motion to dismiss on his § 1983 conspiracy claim, Plaintiff must allege facts that allow the Court to reasonably infer: 1) "at least two people must have agreed to a 'single plan' to deprive the plaintiff of rights protected by § 1983;" 2) "each alleged coconspirator must have subjectively 'shared' the plan's illegal objective;" and 3) "one of the coconspirators must have taken an 'overt act' to carry out the plan." *Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 887 (6th

4

Cir. 2024) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted)); *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (citing *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)).  "Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy [and] [e]ach conspirator need not have known all of the details of the illegal plan or all of the participants involved."  *Bazzi*, 658 F.3d at 602 (citing *Hooks,* 771 F.2d at 944).

At this stage, Plaintiff's burden was only to set forth enough specific factual allegations to make it *plausible* that the conspirators had a single plan and objective.  *See Rudd v. City of Norton Shores*, 977 F.3d 503, 517 (6th Cir. 2020) (holding that to get past the pleading stage on a civil conspiracy claim, a complaint must assert "specific allegations" that plausibly suggest each of the required elements); *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 768 (6th Cir. 2020).  He has met it.

Here, Plaintiff alleges that he began complaining about his neighbor operating an unlawful business out of his home in June 2020.  (ECF No. 57, PageID.690, 707).  Plaintiff called the police to report his neighbor's illegal activity numerous times over a two-year period, and Defendant Kraszewski was the responding officer on most, if not all, of those occasions.  (*Id.* at PageID.691, 707).  Plaintiff alleges that Defendant Kraszewski witnessed the neighbor unlawfully operating a "chop/auto shop" out of his house, yet Defendants refused

to shut down the illegal business and only provided excuses as to why they allowed the illegal operation to continue. (*Id.* at PageID.691–92, 707). Plaintiff criticized Defendant Kraszewski directly and spoke with his supervisor but his complaints were ignored. (*Id.* at PageID.692).

Plaintiff began gathering evidence of his neighbor's activities then threatened the neighbor that he planned to file a lawsuit; the threat was sufficient to cause the neighbor to stop his illegal operation. (*Id.* at PageID.693). After Plaintiff notified Defendant Kraszewski that he was able to get his neighbor to stop operating his illegal "chop/auto shop," Defendant Kraszewski came a few days later and told Plaintiff's neighbor he could "start fixing cars again, just keep it clean and try to be quiet.". (*Id.*). Business at the "chop/auto shop" increased. (*Id.* at PageID.694). Plaintiff again began complaining to Defendant Kraszewski and his supervisor, but they ignored his calls and instead began to threaten to issue Plaintiff tickets. (*Id.* at PageID.693–94). Plaintiff began to clean his yard to avoid the tickets. (*Id.* at PageID.694–95). However, the neighbor's business continued to cause problems. (*Id.*). One day, after the neighbor damaged a client's car, the client came back and shot at the neighbor's house while Plaintiff was outside. (*Id.* at PageID.695). Plaintiff had to dive to the ground to avoid the bullets. (*Id.*). As a result of the shooting, Plaintiff filed a complaint against Defendant Kraszewski with the Office of Chief Investigator ("OCI"). (*Id.* at PageID.695–96). Two days

6

after OCI informed Plaintiff that it communicated Plaintiff's complaint against Defendant Kraszewski with Defendants, Plaintiff was issued a blight ticket in the amount of $395.  (*Id.*).  Plaintiff filed a lawsuit against his neighbor and got the illegal business shut down, then filed another complaint with OCI regarding Defendant Kraszewski lying during the hearing on the blight (*Id.* at PageID.696–97, 708).  This led to threats by his neighbor and additional blight tickets being issued to Plaintiff, despite other properties in the neighborhood, having worse yards yet not receiving a blight ticket, including his neighbor.  (*Id.* at PageID.697–98)).  Plaintiff alleges that as a result of his lawsuit against his neighbor and the complaints made to the police, Defendant Kraszewski and his neighbor reached an agreement to retaliate against him with threats of harm and issuance of blight tickets for exercising his First Amendment rights.  (*Id.*at 707–09).

Defendants simply argue that Plaintiff's proposed amended complaint is conclusory and allowing an amendment will be futile, but their brief discussion of the facts downplays and misstates Plaintiff's allegations.  (ECF No. 61, PageID.863–64).  The analysis at this stage turns on whether Plaintiff has set forth enough specific facts to support a plausible inference that Defendants and his neighbor were working together in furtherance of a common scheme, not whether he can prove the conspiracy in his proposed amended complaint.  *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Weberg v. Franks*, 229 F.3d

7

514, 528 (6th Cir. 2000)) ("Furthermore, this court has acknowledged that because '[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, . . . circumstantial evidence may provide adequate proof of conspiracy.'") (alteration in original).

At this stage, the Court must take the allegations in the complaint to be true. Considering the specificity of his allegations, Plaintiff has met this burden.  Thus, Plaintiff's *Motion for Second Amended Complaint* (ECF No. 49) is denied as moot; *Motion for Third Amended Complaint* (ECF No. 59) is granted; and his Third Amended Complaint (ECF No. 57) is accepted solely as to Counts III and IV.[1]

**B.     Motion to Extend Deadlines and Motions for Summary Judgment**

On December 30, 2025, Plaintiff moved to extend the remaining deadlines. (ECF No. 56).  In support, Plaintiff noted that he was receiving a lot of discovery from Defendants that he needed extra time to review, and noted that there are still outstanding discovery requests that are in dispute between the Parties.  Indeed, Plaintiff filed two motions to compel that remain pending.  (ECF Nos. 50, 58.) Upon review of the briefing on both motions to compel, the dispute over the

---

[1] The Court notes that Counts I and II in Plaintiff's Third Amended Complaint (ECF No. 57) are the two claims from his proposed Second Amended Complaint, that he subsequently decided not to pursue in his motion for leave to file the his Third Amended Complaint.  (*See* ECF No. 59, PageID.783).  It should be further noted that Count III of Plaintiff's Third Amended Complaint combines his First Amendment retaliation and civil conspiracy claims but includes separate subsection for both claims.  (ECF No. 57, PageID.704–09).  Count III should be read to contain two separate causes of action: First Amendment retaliation (*Id.* at PageID.704–06, ¶ 29–31) and § 1983 civil conspiracy (*Id.* at PageID.707–09, ¶ 32–39).

outstanding discovery responses involve the nature and the scope of Plaintiff's request related to proving that Defendants have policy or custom of retaliating against citizens exercising their First Amendment rights. (ECF Nos. 58.) Since the nature of the discovery requests go to the core of Plaintiff's claims, Plaintiff's *Motion for Discovery Extension* (ECF No. 56) is granted. A separate order setting a hearing on the discovery motions will be issued concurrently with this order, and new case management deadlines will be set following the hearing.

Due to granting Plaintiff's requests to amend his complaint and extend the discovery deadline to resolve the outstanding motions to compel, the Parties' cross-motions for summary judgment (ECF Nos. 65, 67) are denied with leave to re-file following the close of discovery, and Plaintiff's motions to supplement his response brief (ECF No. 85, 89) are denied as moot. Similarly, Plaintiff moved to strike Paragraph 9 from Defendant Kraszewski's affidavit that was submitted in support of Defendants' motion for summary judgment due to Defendant Kraszewski's use of the phrase "upon information and belief" in his affidavit. (ECF No. 67, PageID.1175; ECF No. 84, PageID.1649). Because the Court has denied Defendants' motion for summary judgment with leave to refile, Plaintiff's *Motion to Strike* (ECF No. 84) is now moot as well.

### C.    Motion for Sanctions

Plaintiff moves for sanctions against Defendants because he accuses them of committing perjury and making false statements, and claims that if the "lies" are accepted, he would be prejudiced.  (ECF No. 62).  As a sanction, Plaintiff seeks to have the fact that Defendant Kraszewski knew about the OCI complaint prior to issuing Plaintiff a blight ticket admitted as an undisputed material fact.  (*Id.* at PageID.868–69).  Defendants argue that Plaintiff's motion is simply based upon a misunderstanding, and sanctions are not warranted, and the Court agrees.  (ECF No. 75).

Federal Rule of Civil Procedure 11(b)[2] provides:

> (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a

---

[2] The Court notes that Plaintiff brings his motion for sanctions "[p]ursuant to 18 USC 1001 and 1621," which are federal criminal statutes related to false statements and perjury; however, Federal Rule of Civil Procedure 11, not criminal statutes, is the more appropriate avenue to seek sanctions for alleged false representations to the Court during the course of the litigation.  *See* Fed. R. Civ. P. 11(b)–(c).

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

During the April 5, 2022, hearing on the blight ticket before the City of Detroit Department of Appeals and Hearings ("DAH"), Plaintiff testified that he called OCI on March 14th, 2022, and was issued a blight ticket two days later out of vindictiveness. (ECF No. 62, PageID.877). Defendant Kraszewski responded that "[t]he tickets were obviously written before he called and made the complaint, because if he received them one or two days after he called to make the complaint, it takes more than one or two days for mail to get there, so there is nothing vindictive . . ." (ECF No. 62, PageID.877). Defendant Kraszewski submitted an affidavit which states that prior to the April 2022 DAH hearing, he was not aware Plaintiff had called OCI, and his statement during the hearing was mere on-the-fly speculation based upon the timing of when Plaintiff stated he called OCI and with consideration of timing ticket's mailing, without having the benefit of prior knowledge or review of those records. (ECF No. 75, PageID.1369). Defendant

11

Kraszewski has made clear he is not now claiming that the blight ticket was issued prior to the OCI complaint, his claim is that he did not have knowledge of it prior to issuing the ticket and he was merely speculating on mailing turnaround time during the April 2022 DAH hearing.  (*Id.*)

Similarly, Plaintiff takes issue with Defendant Kraszewski response to Plaintiff's interrogatory numbers seven and eight which requested when he "knew" and when he "learned" about Plaintiff's March 14, 2022, OCI complaint.  (ECF No 62, PageID.867, 874).  His response to both interrogatories state:

> Upon information and belief, Defendant Aaron Kraszewski did not become aware of the 14 March 2022 OCI Complaint until his involvement in this litigation.  OCI records indicate Plaintiff's dated March 14, 2022, involved unknown members of the Detroit Police Department, and it was informally resolved on March 18, 2022.  As such, Defendant Aaron Kraszewski would not have been notified by OCI of its existence.

(*Id.* at 874).  As clarified in his affidavit, while Defendant Kraszewski was made aware that Plaintiff called OCI during the April 2022 DAH hearing, he was not made aware of "Citizen Complaint Report # 74531" specifically prior to the commencement of this lawsuit.  (ECF No. 75, PageID.1370).  Defendant Kraszewski is clearly making a distinction between the knowledge of Plaintiff calling OCI to file a complaint and being made aware of the actual complaint, Citizen Complaint Report # 74531.

Accordingly, the Court will not award sanctions against Defendants or their counsel, and the *Motion for Sanctions Pursuant to 18 USC 1001 and 1621* (ECF No. 62) is denied as the statements made throughout the course of this litigation reflect a position that was not unreasonable, and the statements were "reasonably based on belief or a lack of information" and "the factual contentions have evidentiary support." *See* Fed. R. Civ. P. 11(b). The evidence does not reflect false statements or perjury, but rather Plaintiff's misunderstanding of the context of the statements. As Plaintiff indicated in his reply brief, whether Defendant Kraszewski knew about the OCI complaint prior to issuing the blight ticket is a question for the trier of fact. (ECF No. 78, PageID.1409). Thus, to the extent Plaintiff disagrees with the facts and evidence as presented by Defendants, he will have the opportunity to counter them in responding to a dispositive motion or during trial, but it will not result in sanctions.

### D.    Motion for Judicial Notice

Finally, Plaintiff requests that the Court take judicial notice of his June 13, 2022, "state court complaint and the facts it contains" and to accept them "as undisputed facts." (ECF No. 63, PageID883). Plaintiff asserts that the "facts are beyond reasonable dispute" and also notes that a default judgment was entered twice. (*Id.*). Defendants concede that the Court could take judicial notice of the state court complaint to the extent it shows that the state court complaint was filed

but argues that the substance of the state court complaint is disputed.  (ECF No. 76, PageID.1401–02).

Rule 201 of the Federal Rules of evidence states that the Court "may" take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court has reviewed Plaintiff's motion and declines to take judicial notice of the state court complaint and the facts contained therein.  While the Court could take notice of the state court complaint to the extent it shows that it was filed, that is not what Plaintiff seeks.  Plaintiff seeks the facts that he alleged in the complaint to be accepted as undisputed facts.  As the Advisory Committee notes to Rule 201 states, "[a] 'high degree of indisputability' is an essential prerequisite for a court to take judicial notice of a particular fact."  *See Holland v. United States*, No. 06-2700-STA-TMP, 2008 WL 2769367, at *3 (W.D. Tenn. July 11, 2008).  These facts are simply those alleged by Plaintiff against his neighbor and are not "generally known," cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and do not have a high degree of indisputability.  *Id;* Fed. R. Evid. 201(b).  Plaintiff will have the opportunity to present the history of his state court proceedings as evidence to

14

support his claim in this litigation.  Thus, Plaintiff's *Motion for Judicial Notice* (ECF No. 63) is denied.

## II.   CONCLUSION

Accordingly, and for good cause shown, it is **ORDERED** as follows:

1) Plaintiff's *Motion for Second Amended Complaint* (ECF No. 49) is **DENIED as moot**;

2) Plaintiff's *Motion for Discovery Extension* (ECF No. 56) is **GRANTED**;

3) Plaintiff's *Motion for Third Amended Complaint* (ECF No. 59) is **GRANTED**;

4) Plaintiff's Third Amended Complaint (ECF No. 57) is hereby **ACCEPTED** consistent with this Order;

5) Plaintiff's *Motion for Sanctions Pursuant to 18 USC 1001 and 1621* (ECF No. 62) is **DENIED**;

6) *Motion for Judicial Notice* (ECF No. 63) is **DENIED**;

7) Plaintiff's *Motion for Summary Judgment* (ECF No. 65) is **DENIED** with leave to refile;

8) Defendant's *Motion for Summary Judgment* (ECF No. 67) is **DENIED** with leave to refile;

9) Plaintiff's *Motion to Strike* (ECF No. 84) is **DENIED** as moot;

10) Plaintiff's *Motion to Amend Plaintiff's Response Opposing Defendant's Motion for Summary Judgment* (ECF No. 85) is **DENIED** as moot; and

11) Plaintiff's *First Amended Motion to Amend Plaintiff's Response Opposing Defendant's Motion for Summary Judgment* (ECF No. 89) is **DENIED** as moot.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: May 14, 2026                    s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

16

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 14, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850