UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GLENN, III,

Plaintiff,

v.

AARON KRASZEWSKI and
CITY OF DETROIT,

Defendants.
_____/

Case No.: 2:24-cv-10665

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER PLAINTIFF'S MOTIONS FOR RECUSAL AND
HEARING/STATUS CONFERENCE (ECF Nos. 93, 94)**

Pending before the Court are Plaintiff Willie J Glenn, III's, *Motion for Hearing/Status Conference* (ECF No. 93) and *Motion to Recuse* (ECF No. 94).

**I.     BACKGROUND**

On May 14, 2026, the undersigned issued an omnibus order resolving several motions that had been filed by the parties.  Specifically, the Court granted Plaintiff's motion for leave to amend his complaint and leave to extend the discovery deadline but denied his motion for sanctions and motion for judicial notice, then denied a series of motions related to summary judgment filings with leave to refile or as moot.  (ECF No. 90).  On May 27, 2026, Plaintiff filed an objection solely as to the decision denying the motion for sanctions.  (ECF No. 91).  On June 26, 2026, Plaintiff filed the instant motion seeking the recusal of the

undersigned pursuant to 28 U.S.C. § 455.  (ECF No. 94).  Plaintiff believes the undersigned's decision declining to sanction Defendants "omitted material facts," which shows bias as he believes Defendants have lied under oath multiple times. (*Id.* at PageID.1758).  Plaintiff further asserts that he has two pending motions to compel that the undersigned refuses to rule on, which is also helping Defendants. (*Id.* at PageID.1758–59).  He also speculates that due to this complaint, the undersigned will begin to be vindictive as Defendants were.  (*Id.* at PageID.1759). Thus, Plaintiff moves for an order recusing the undersigned pursuant to 28 U.S.C. § 455.  (*Id.* at PageID.1757–59).

## II.    ANALYSIS

### A.    Motion to Recuse Pursuant to 28 U.S.C. § 455

"Motions to recuse 'are to be decided in the first instance by the judicial officer sought to be disqualified.'" *Cardello-Smith v. Combs*, No. 24-CV-12647, 2025 WL 1951722, at *3 (E.D. Mich. June 30, 2025) (referring to motions to recuse under § 455).  It is for this reason the undersigned resolves Plaintiff's motion to recuse the undersigned in this Order.

Title 28 U.S.C. § 455(a), provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This provision requires a judge to sua sponte recuse himself or herself if the judge knows of facts that would

2

undermine the appearance of impartiality.  *Weatherspoon v. Thibault*, No. 2:14-CV-108, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422–23 (6th Cir. 2003) and *Liteky v. United States*, 510 U.S. 540, 547–48 (1994)).  Rather than a subjective determination of bias, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotations omitted)).

Bias must ordinarily be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law."  *Id.*  As the Supreme Court observed in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair determination.  *Id.*

Plaintiff's recusal motion is substantively deficient because he relies on his disagreement with legal conclusions rendered in this Court's judicial rulings.  The

3

basis for Plaintiff's motion for recusal is grounded in the undersigned's May 14, 2026, Order denying his motion to sanction Defendants, and the fact that his motions to compel have not been ruled on yet.  But as mentioned, a judge's "rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 544.  Plaintiff has not shown that the undersigned's decision reflects a pervasive bias so extreme as to preclude a fair judgment.  Rather, Plaintiff's motion only takes issue with the part of a decision that was unfavorable to him, but not those in the same order that favored him.  Similarly, regarding Plaintiff's discovery motions, while the undersigned certainly understands how important this case is to him, unfortunately, it is not the only case on the undersigned's docket.  The Court has not refused to rule on the pending motions, indeed, the May 14, 2026, Order, explicitly stated that an order setting a hearing on the discovery motions was forthcoming.  ECF No. 90, PageID.1714.

Plaintiff's motion offers no factual basis outlining any bias that would cast doubt upon the undersigned's impartiality but seeks recusal because he disagrees with this Court's order.  This is not a sufficient basis for recusal under the statute. *See Scott v. Metro. Health Corp.*, 234 F. App'x 341, 359 (6th Cir. 2007) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer has it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be.") (citation modified);

*United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) ("[T]he requisite showing of prejudice may not be made . . . by pointing to 'erroneous and atypical judicial rulings.'"); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (observing that recusal under § 455(a) "cannot be based on decisions or rulings of a Judge"), *on reh'g,* 616 F.2d 924 (6th Cir. 1980).

Accordingly, recusal is not required in this case and Plaintiff's motion for recusal is denied.

### B. Motion for a Hearing or Status Conference

Plaintiff also moves for a hearing on his pending motions to compel (ECF Nos. 50, 58). In its May 14, 2026, Order, the Court granted Plaintiff's Motion for Discovery Extension and noted that a separate order setting a hearing on the pending discovery motions will be issued and new case management deadlines will be set following the hearing. (ECF No. 90, PageID.1714). Defendants respond that they concur with Plaintiff's motion and request a hearing or an informal discovery conference for the Court's assistance in resolving the discovery disputes. (ECF No. 95). As the Parties have expressed interest in a discovery conference, the Court will issue a notice setting an informal discovery conference contemporaneous with this Order. *See* ECF Nos. 93, 95. Accordingly, Plaintiff's motion will be granted.

### III.  CONCLUSION

For the above-stated reasons, it is **ORDERED** that Plaintiff's *Motion for Hearing/Status Conference* (ECF No. 93) is **GRANTED** and his *Motion to Recuse* (ECF No. 94) is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: July 14, 2026                    s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the July 14, 2026, by electronic means and/or ordinary mail.

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850