UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GLENN, III,

Plaintiff,

v.

Case No. 24-cv-10665
Honorable Linda V. Parker

AARON KRASZEWSKI,
and CITY OF DETROIT,

Defendants.
_____________________________/

# **OPINION AND ORDER**

## **Introduction**

Plaintiff Willie J. Glenn, III filed this pro se lawsuit against Defendants Aaron Kraszewski ("Officer Kraszewski") and the City of Detroit ("City") (collectively Defendants), alleging violations of his constitutional rights under 42 U.S.C. § 1983. The matter is presently before the Court on Plaintiff's objections to several decisions by Magistrate Judge Curtis Ivy, Jr., to whom the case is assigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 34.)

**Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id*. (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's decision "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks and citations omitted).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's

objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

**Plaintiff's Objections to May 14, 2026 Order**

On May 14, 2026, Magistrate Judge Ivy issued a decision addressing several motions, including Plaintiff's motion for sanctions. (ECF No. 90.) In his motion, Plaintiff sought sanctions against Defendants because Plaintiff claimed they committed perjury and made false statements, and their "lies," if accepted, would prejudice him. (*See* ECF No. 62.) The statements at issue were made by Officer Kraszewski, a City of Detroit Police Officer, with regard to when he became aware of Plaintiff's complaint against him to the Office of Chief Investigator.

Magistrate Judge Ivy denied Plaintiff's motion for sanctions, finding that the motion was based on a misunderstanding of what Officer Kraszewski represented in the statements at issue. (ECF No. 90 at PageID.1715-18.) Plaintiff objects, insisting that Officer Kraszewski lied. (ECF No. 91.) Like Magistrate Judge Ivy,

this Court disagrees. There is a distinction between learning of Plaintiff's call or general complaint to OCI—which Officer Kraszewski seems to have become aware of at the April 2022 hearing before Department of Appeals and Hearings—and obtaining information concerning the specifically-filed complaint.

For these reasons, the Court agrees with Magistrate Judge Ivy that sanctions are not warranted. The magistrate judge's decision was neither clearly erroneous nor contrary to law. The Court, therefore, is rejecting Plaintiff's objections to the May 14, 2026 opinion and order and affirming the decision.

**Plaintiff's Objections to July 14, 2026 Order[1]**

Plaintiff next objects to Magistrate Judge Ivy's order, filed July 14, 2026, on Plaintiff's motion for recusal. Plaintiff sought the recusal of the magistrate judge pursuant to 28 U.S.C. § 455, claiming that he is biased in favor of Defendants. (ECF No. 94.) As evidence of this bias, Plaintiff relied on the denial of his motion for sanctions, Magistrate Judge Ivy's asserted refusal to rule on Plaintiff's motions to compel, and Plaintiff's speculation that his objections will generate vindictiveness.

[1] Plaintiff recently filed a motion to amend his objections to Magistrate Judge Ivy's decision on the motion for recusal. (ECF No. 113.) The Court grants Plaintiff's motion to amend and has considered his arguments and "evidence" of bias in the attached amendment when ruling on his objections.

Magistrate Judge Ivy denied the motion, finding no objective basis from which to conclude that he would be impartial in this matter. (ECF No. 97.) Magistrate Judge Ivy pointed out that Plaintiff's disagreement with his legal rulings are not grounds for recusal. He further assured Plaintiff that any delay in ruling on the motions to compel was due to the congestion on his docket.

Plaintiff filed objections to this decision (ECF No. 102), in which he accuses the magistrate judge of being a "crooked cop" and returns to his accusations that Officer Kraszewski is lying and the magistrate judge is covering it up. Plaintiff views Magistrate Judge Ivy's failure to "respond to" his objection to the sanctions decision as evidence of his bias in favor of Defendants. He accuses the magistrate judge of trying to "stall" his lawsuit, arguing that it "should have taken 9 minutes" and not "9 months" to rule on the motion to dismiss.

Nothing in Plaintiff's objections demonstrates an error in Magistrate Judge Ivy's analysis of whether his recusal is warranted under § 455. As explained above, sanctions were not warranted against Officer Kraszewski and the truth as to whether Officer Kraszewski was aware of Plaintiff's protected activity and issued blight tickets in response is still being litigated.[2] Magistrate Judge Ivy has not

[2] Plaintiff should understand that a court does not make credibility determinations when ruling on a summary judgment motion. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [the judge] is ruling on a motion

expressed his view on those issues, has not ruled on anything to impair Plaintiff's ability to try and prove his case, and has not engaged in any conduct which objectively suggests impartiality.

Notably, it was the undersigned and not Magistrate Judge Ivy who decided Defendants' motion to dismiss. (*See* ECF No. 22.) The docket of the undersigned, as well as Magistrate Judge Ivy, contain hundreds of cases with almost as many pending motions. It is not necessarily how long it takes to rule on a motion, as opposed to where the motion falls in line with the other pending motions, that dictates how long the litigants must wait for a resolution. Further, the district judge rules on the objections to a magistrate judge's order or R&R. *See* 28 U.S.C. § 636. Therefore, Magistrate Judge Ivy's "failure" to rule on Plaintiff's objections in this case is not evidence of bias.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Ivy's decision on the motion for recusal and affirms the decision.

**Objections to August 13, 2026 Order and August 25, 2026 R&R**

As mentioned, Plaintiff filed motions to compel. (ECF Nos. 50, 58.) These motions were filed on December 4, 2025, and January 9, 2026. On June 26, 2026, Plaintiff filed a "Motion for Hearing/Status Conference" with respect to the

---

for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

motions. (ECF No. 93.) On the same date, he also filed the motion seeking Magistrate Judge Ivy's recusal. (ECF No. 94.)

After denying the latter motion, Magistrate Judge issued a notice setting an informal, remote discovery conference relative to Plaintiff's discovery motions for August 12, 2026.[3] (ECF No. 99.) Plaintiff was served with a copy of the notice. Despite previously asking for a hearing or conference on the motions, Plaintiff responded to the notice by filing a motion seeking a ruling on the briefs (ECF No. 101) and a "Notice of Waiver of Oral Argument" (ECF No. 103.)

On August 10, Magistrate Judge Ivy issued an order denying Plaintiff's request for a ruling on the briefs. (ECF No. 104.) Magistrate Judge Ivy explained in the decision that both parties had requested and agreed that an informal discovery conference would be helpful in resolving the disputes, and that the scheduled discovery conference would be held. (*Id.*) This order also was served on Plaintiff. Plaintiff nevertheless failed to appear at the remote hearing two days later. (8/12/26 Minute Entry.)

Therefore, Magistrate Judge Ivy issued an order on August 12, requiring Plaintiff to show cause in writing before August 19, as to why he failed to appear. (ECF No. 105.) In the same order, Magistrate Judge Ivy rescheduled the remote

[3] It is logical that Magistrate Judge Ivy delayed ruling on any pending motions until he decided the motion for recusal.

discovery conference for August 20, at 11:00 a.m. This order was served on Plaintiff, too.

Plaintiff failed to respond to the show cause order to specifically explain why he failed to appear at the August 12 conference. Instead, he filed two notices, titled: "Notice Waiver of Oral argument," in which he asserts that "[t]he Court has everything it needs to make a decision[.]"[4] (ECF Nos. 107, 108.) As Magistrate Judge Ivy pointed out in an order issued on August 13, 2026, "Plaintiff does not decide if the Court has what it needs to decide a motion, the Court does, and the Court needs additional information from the Parties to assist in resolving this dispute." (ECF No. 109.)

In this August 13 order, Magistrate Judge Ivy instructed Plaintiff that he, therefore, must appear at the rescheduled informal discovery conference on August 20, unless he contacts chambers to indicate that a conflict requires rescheduling. Magistrate Judge Ivy expressly warned Plaintiff of the possible sanctions for failing to appear:

> Plaintiff is cautioned that failure to appear at the scheduled conference again may result in sanctions up to and including denial of his motions, attorney's fees and costs for Defendants, and/or a Report and Recommendation that this case be dismissed for lack of prosecution under Rule 41(b).

[4] Magistrate Judge Ivy graciously viewed these filings as sufficient to qualify as a response to the show cause order, and so he vacated the show cause order. (*See* ECF No. 109 at PageID.1810.)

(*Id.* at PageID.1810.) Plaintiff was served with this order.

Despite Magistrate Judge Ivy's clear rejections of Plaintiffs' requests to decide the discovery motions on the briefs, instructions to Plaintiff of his need to appear at the scheduled discovery conference, and warning of the potential sanctions if he failed to appear, Plaintiff did not appear at the August 20 remote discovery conference. (*See* 8/20/26 Minute Entry.) As a result, Magistrate Judge Ivy issued a Report and Recommendation (R&R), filed August 25, 2026, recommending that the Court dismiss the action pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure. (ECF No. 110.)

On August 26, Plaintiff submitted objections to Magistrate Judge Ivy's August 13 order, denying Plaintiff's waiver of oral argument and instructing Plaintiff to appear at the August 20 conference. (ECF No. 111.) In the objections, Plaintiff expresses his unwillingness to attend the informal discovery conference "because he fears for his safety." (*Id.* at PageID.1825.) Plaintiff accuses the magistrate judge "and his co-conspirators" of lying to him, threatening him, and being vindictive. (*Id.*) Plaintiff claims the magistrate judge "has made it clear by his actions he wants the Defendants to win this case . . .." (*Id.*) Plaintiff returns to his accusations that Officer Kraszewski lied and that the magistrate judge has let him get away with it.

Plaintiff then filed objections to the R&R. (ECF No. 110.) In these objections, Plaintiff again restates his refusal to attend an informal discovery conference out of fear for his safety and his belief that the magistrate judge is "crooked" and making decisions as part of a conspiracy with Defendants.

As discussed earlier, when viewed from an objective lens, there is no basis to conclude that Magistrate Judge Ivy is biased in favor of Defendants or that he is a threat to Plaintiff's safety. To the extent Plaintiff is expressing a fear to his physical safety, the Court points out that the conferences which he failed to attend were scheduled to be held remotely. To the extent Plaintiff claims the conference was being used as a set up, such a claim is meritless. Magistrate Judge Ivy did not "lie" when indicating that Plaintiff requested a hearing on the motions to compel. The docket reflects Plaintiff's motion seeking a hearing or status conference to adjudicate the motions.

In any event, in the objections, Plaintiff fails to address Magistrate Judge Ivy's analysis or conclusions. Plaintiff offers no arguments to lead this Court to reach a conclusion different from that reached by Magistrate Judge Ivy—that is, that the factors for dismissal pursuant to Rule 41(b) weigh in favor of dismissal. Neither the Court nor the magistrate judge can force Plaintiff to participate in the proceedings as ordered. However, his choice to not participate has repercussions.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Ivy's order requiring him to attend the August 20 discovery conference and Magistrate Judge Ivy's R&R recommending dismissal due to Plaintiff's repeated refusal to comply with his orders.

**Conclusion**

For these reasons, the Court rejects Plaintiff's various objections (ECF Nos. 91, 102, 111, 113) to Magistrate Judge Ivy's non-dispositive rulings, including with respect to Plaintiff's motions for sanctions and for recusal and to decide his motions to compel on the briefs (ECF No. 90, 97, 109). The Court **GRANTS** Plaintiff's motion to amend (ECF No. 113) his objections to the decision on his motion for recusal and considered that amendment when reaching this conclusion. The rulings are **AFFIRMED**.

The Court also rejects Plaintiff's objections (ECF No. 112) to Magistrate Judge Ivy's R&R (ECF No. 110). Plaintiff has willfully failed to comply with the magistrate judge's orders. His failure to do so has prejudiced Defendants in that they invested time and resources and are being denied the timely resolution of the claims against them. Plaintiff was expressly warned that his failure to comply with the magistrate judge's order could result in the dismissal of this action. Yet, he still failed to appear for the remote discovery conference, and he has provided no

rational explanation for his refusal to comply. Plaintiff's filings reflect that lesser sanctions are unlikely to accomplish his future compliance in this matter.

Therefore, the Court adopts Magistrate Judge Ivy's recommendation and is **DISMISSING THIS MATTER WITH PREJUDICE** pursuant to Rule 41(b). Plaintiff's motions to compel (ECF Nos. 50, 58) are, therefore, **DENIED AS MOOT**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 16, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager